IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| VICTOR LANCE, | ) | Civil Action No. 3:11-802-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN,[1] ACTING | ) | **ORDER** |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the undersigned[2] upon motion of Plaintiff for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff seeks an award of $8,301.38 in attorney's fees ($6,640.88 requested in the original petition, plus $1660.50 requested in the reply brief and supplemental petition). Reimbursement of $350.00 for the filing fee and $58.18 in expenses in this action is also requested. Plaintiff asserts he is entitled to an award under the EAJA because he was the prevailing party and Defendant's position in the Social Security disability appeal was not substantially justified. ECF No. 27. The Commissioner contends that the Court should deny Plaintiff's motion because the Government's position in this case was substantially justified. Alternatively, the Commissioner argues that if the Court finds that the Commissioner's position is not substantially justified, the Court should reduce both the number of hours requested by Plaintiff and the hourly rate, and the Court should direct that any such award be made payable to Plaintiff (not

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

[2] Pursuant to 28 U.S.C. § 636, Local Civil Rule 83.VII.02 DSC, and the consent of the parties, the case was referred to the undersigned magistrate judge for further proceedings and entry of judgment.



to Plaintiff's attorney). In his reply, Plaintiff argues that the Commissioner's position was not substantially justified, the amount of fees sought is not excessive, the rate proposed by Plaintiff is correct, and an award of fees does not have to be awarded directly to Plaintiff and can be made to Plaintiff's counsel. Plaintiff also requests attorney's fees for the work done in preparing the reply brief.

    A.    <u>Substantial Justification</u>

Defendant argues that Plaintiff's request for EAJA fees and expenses should be denied because the Commissioner's position in this case was substantially justified as it was reasonable in both law and fact. In particular, the Commissioner contends that the decision that this action be remanded to consider additional evidence was based on <u>Meyer v. Astrue</u>, 662 F.3d 700, 707 (4th Cir. 2011), <u>Meyer</u> did not purport to set forth a bright-line rule that would permit claimants to receive remand any time they came forward with evidence that touched upon some aspect of an ALJ's decision, and the present case is distinguishable from <u>Meyer</u>. Plaintiff argues that the Defendant fails to meet its burden of establishing that its position was substantially justified and that the Commissioner's attempt to distinguish <u>Meyer</u> should be rejected.

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); <u>Crawford v. Sullivan</u>, 935 F.2d 655, 658 (4th Cir.1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable ... both in law and fact." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565–566 (1988). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should



consider the totality of the circumstances. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138–39 (4th Cir.1993).

In this case, Plaintiff's treating physicians did not give any opinions as to his limitations or as to disability prior to the ALJ's decision. The ALJ specifically stated that the record did not contain information from any treating source as to Plaintiff's residual functional capacity. Plaintiff submitted information to the Appeals Council from his treating pain specialist. The Appeals Council denied review, stating it found that the information submitted to it did not provide a basis for changing the ALJ's decision. It was not possible to determine whether the ALJ's decision was supported by substantial evidence in light of the new evidence submitted to the Appeals Council, such that remand to the Commissioner was necessary. See Meyer, 662 F.3d at 707.

Considering the totality of the circumstances, the undersigned finds that Defendant cannot carry its burden of showing that its position was substantially justified. Plaintiff is, therefore, entitled to an award of attorney's fees under the EAJA.

B.     Number of Hours

Defendant contends that the Court should reduce the number of hours requested by Plaintiff from 36.6 to 7.3 because Plaintiff did not provide adequate support for his claim of 29.3 hours of work by Bohr & Harrington, LLC, as the documentation does not show that these hours of work were performed by an attorney (as opposed to a paralegal). Plaintiff argues that the amended declaration of Sarah H. Bohr (attached to Plaintiff's reply brief) indicates that Bohr (an attorney) personally worked on this case). In her amended declaration, Bohr states that "[w]e have attached our Schedule of Hours representing the **attorney hours** spent by our firm on this case." ECF No. 30-6 at 4-5 (emphasis added). Attached to the supplemental declaration is the "Schedule of Hours of



Sarah H. Bohr." This schedule provides that Bohr performed 29.3 hours of work through the time of the EAJA petition, and an additional 8.0 hours of work on the reply brief. ECF No. 30-6 at 6. Defendant did not file any response to Plaintiff's request for an additional 8.0 hours of time. The undersigned finds that Plaintiff is entitled to an award of attorney's fees for a total of 36.6 hours (28.6 hours in the initial petition plus 8.0 hours in the supplemental petition).

    C.    Rate

In his original fee petition, Plaintiff requests 28.6 hours of attorney's fees for work done during 2011 at a rate of $180.59 an hour ($5,164.88) plus 8 hours for work done during 2012 at a rate of $184.50 per hour ($1,476.00) for a total of $6,640.88 (28.6 hours plus 8 hours for a total of 36.6 hours). Defendant argues that the hourly rate awarded should be reduced to $180.00 per hour because the Court should use the regional Consumer Price Index ("CPI") instead of the national CPI used by Plaintiff, and because the temporal midpoint of the period during which the compensable services were rendered (December 2011) should be used instead of the 2011 annual figure used by Plaintiff as to work performed by Plaintiff's attorneys from April to December 2011 and the May 2012 figure used as to work performed during 2012.

While the Fourth Circuit has not expressly ruled on which index should be used or the exact date to be used for the calculation (such as the temporal midpoint), the Plaintiff's method of calculation (which would result in an increase totaling approximately $55) is not precluded by controlling law. The United States Court of Appeals for the Fourth Circuit, while not expressly endorsing the CPI-U (CPI for all urban consumers), has suggested that it is an appropriate measure to calculate cost of living adjustments for EAJA calculations. See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir. 1992). The Commissioner, citing Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992),



argues that the Fourth Circuit has recognized a court should calculate such increases based on the cost of living in a particular geographical area. In Payne, however, the Fourth Circuit noted that the EAJA permits adjustments for the increased cost of living to be based on considerations such as the cost of living in the area. The Fourth Circuit further stated that whether to increase the rate and by how much remained a decision to be made at the discretion of the district court. Payne v. Sullivan, 977 F.2d at 903. As to its argument concerning the use of the temporal midpoint, Defendant relies on non-binding cases from other courts, Levernier Constr. v. United States, 21 Cl.Ct. 683, 694 (1990), vacated in part on reconsideration, 22 Cl.Ct. 247, rev'd on other grounds, 947 F.2d 497 (1991) and Cousin v. Astrue, No. 11-0071-M, 2011 WL 6288113, at *3-4 (S.D. Ala Dec. 15, 2011).

In his reply brief, Plaintiff requests an additional 8 hours of attorney's fees (for work on the reply brief) at $184.50 per hour for a total of $1,660.50. The Commissioner has not filed a response to this request. This calculation appears to be incorrect because the total appears to be based on 9 hours of work, rather than 8 hours of work (8 hours at $184.50 only totals $1476.00). Additionally, Plaintiff has not specified how the $184.50 rate per hour was reached. Using the method Plaintiff used in his original petition, the rate per hour for the work done on the reply brief (on December 12 and 14, 2012) should be calculated at $184.33 per hour (CPI-U for December 2012 of 229.601[3] minus 155.7 equals 73.901, 73.901 divided by 155.7 equals .4746371, $125 times .4746371 equals $59.33, $125 plus $59.33 equals $184.33) for a total of $1,474.64 (8 hours times $184.33). Thus, the amount of attorney's fees should be reduced to $8,115.52 ($6,640.88 in the initial petition plus $1,474.64 in the supplemental petition).

---

[3]See CPI-U chart available at the website for the Bureau of Labor Statistics, http//data/bls/gov/cgi-bin/surveymost?cu (last visited Aug. 30, 2013).



**Based on the foregoing, the Court grants an attorney's fee award to Plaintiff under the EAJA in the amount of $8,115.52 plus $408.18 in costs and expenses ($350 in filing fees and $58.18 in postage). It is ordered that the Commissioner is directed to make the check payable to Plaintiff[4] and to deliver the check to Plaintiff's counsel.**

**IT IS SO ORDERED.**

Joseph R. McCrorey
United States Magistrate Judge

September 3, 2013
Columbia, South Carolina

---

[4] See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 2524 (2010).

6